UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Che Lamar Romero,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 03-316(1) ADM/AJB
Civil No. 06-1764 ADM

_____

Erica H. MacDonald, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Che Lamar Romero, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Che Lamar Romero's ("Defendant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("2255 Motion") [Docket[1] No. 54]. In his 2255 Motion, Defendant argues that his sentence was unjustly enhanced and that he was provided ineffective assistance of counsel. For the reasons set forth below, Defendant's 2255 Motion is denied.

## II. BACKGROUND

On September 17, 2003, Defendant was charged in a two-count Indictment with attempted carjacking in violation of 18 U.S.C. §§ 2119 and 2, and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Indictment [Docket No. 1]. On December 11, 2003, Defendant pled guilty to both counts of the Indictment. Plea Agreement [Docket No. 26]. On March 25, 2004, Defendant was sentenced to 235 months imprisonment

---

[1] All docket references are to Criminal No. 03-316(1) ADM/AJB.

followed by five years of supervised release, and was ordered to pay $10,502.20 in restitution. Am. J. [Docket No. 34]. Defendant filed a direct appeal of his sentence on April 1, 2004. Notice of Appeal [Docket No. 33]. On May 17, 2005, the United States Court of Appeals for the Eighth Circuit affirmed Defendant's sentence. Op. [Docket No. 50]; United States v. Romero, 131 Fed. Appx. 503 (8th Cir. 2005). The Eighth Circuit concluded that the Court did not abuse its discretion in sentencing Defendant at the top of the sentencing range, and Defendant's sentence is reasonable. Id. On May 10, 2006, Defendant filed the instant 2255 Motion.

### III. DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979). Defendant argues that his sentence was unjustly enhanced in light of United States v. Booker, 543 U.S. 220 (2005), and that he was provided ineffective assistance of counsel.

    A.    **Unjust Enhancement**

Defendant's "unjust enhancement" argument must fail. In Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005), the Eighth Circuit held that "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." As a result, the Booker rule is not available to Defendant in this 2255 Motion.

Even if Booker did apply in this case, Defendant's argument would still fail. Defendant's sentence was determined by facts admitted by him in his written plea agreement and under oath at his change-of-plea hearing. Plea Agreement ¶ 2; Plea Tr. [Docket No. 40] at 25-34. As a

result, his Sixth Amendment rights were not violated by the sentence imposed. See United States v. Collier, 413 F.3d 858, 860-61 (8th Cir. 2005). Also, under plain error review, Defendant can not demonstrate a reasonable probability that he would have received a more favorable sentence with the Booker error eliminated. United States v. Smith, 444 F.3d 996, 997 (8th Cir. 2006), citing United States v. Pirani, 406 F.3d 543, 551 (8th Cir. 2005). The Eighth Circuit has held that a defendant:

> [C]annot establish that he would have received a more favorable sentence if the district court had sentenced him under an advisory scheme consistent with Booker when the district court, applying the Guidelines as mandatory, did not use what discretion it had to sentence him to a lower sentence within the properly-calculated Guidelines range.

United States v. Davis, 442 F.3d 681, 684 (8th Cir. 2006). In this case, Defendant was sentenced at the top of the guidelines range. Sentencing Tr. [Docket No. 35] at 14.

**B.     Ineffective Assistance of Counsel**

Defendant's ineffective assistance of counsel argument also fails. Defendant lists many alleged errors of his attorney, including (1) failure to develop an effective working relationship with Defendant; (2) ignoring all phases of Defendant's PSI, never reviewing the PSI with Defendant, and never objecting to any issues raised by the PSI or enhancements; (3) not challenging the AUSA on any issues at Defendant's request; and (4) raising issues on direct appeal unrelated to Defendant's case and not notifying Defendant about the appeal he prepared. To succeed on an ineffective assistance of counsel claim, a defendant must show that (1) his counsel's representation fell below an objective standard of reasonableness ("performance prong"), and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different ("prejudice prong"). Strickland v. Washington, 466 U.S. 668, 687-94 (1984). The Court need not reach the performance prong if

Defendant suffered no prejudice from the alleged ineffectiveness. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997).

Upon consideration of all of the errors of counsel alleged by Defendant, the Court finds that Defendant has failed to establish that there is a reasonable probability that but for counsel's unprofessional errors, the result of his sentencing hearing or appeal would have been different. Again, Defendant's sentence was determined by facts admitted by him in his plea agreement and at his change-of-plea hearing. Plea Agreement ¶ 2; Plea Tr. at 25-34. In addition, in response to a question from the Court at his plea hearing as to whether Defendant was satisfied with the services of his counsel, Defendant responded "Very." Plea Tr. at 6. Also, even if Defendant's counsel had raised a Booker or Blakely[2] issue on direct appeal, Defendant's appeal would not have been decided differently for the reasons discussed above.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("2255 Motion") [Docket No. 54] is **DENIED**.

BY THE COURT:

s/ Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 17, 2006

---

[2] 542 U.S. 296 (2004).

4